# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

CURTIS L. BROWN                                                              PLAINTIFF

v.                                        CIVIL ACTION NO. 3:09CV-P990-S

CORRECT CARE INTEGRATED HEALTH *et al.*                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Curtis L. Brown, a convicted inmate incarcerated at the Kentucky State Reformatory ("KSR"), initiated this civil rights action pursuant to 42 U.S.C. § 1983 against Correct Care Integrated Health, Warden Steve Haney, ARNP Shelli Votaw, LPN Datha Belcher, RN Dolly Hamlin, and RN Vicki Brockman.[1] Plaintiff sues Defendants in both their individual and official capacities. Plaintiff complains that Defendants failed to properly treat his shoulder when he complained of pain in December of 2008, causing him to have to undergo surgery in May of 2009. Plaintiff states that the surgery was ineffective. He is seeking only monetary relief.

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss Plaintiff's official-capacity claims for money damages. The Court will allow the remainder of Plaintiff's claims to proceed for further development.

## I.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted,

---

[1]Although not required to do so until after screening under 28 U.S.C. § 1915A, counsel filed a notice of waiver of service on behalf of Correct Care Integrated Health, Shelli Votaw, and Datha Belcher. Their answers are due March 29, 2010.

or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

### A. Official-Capacity Claims

The official-capacity claims for damages will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Id.* (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, the § 1983 official-capacity claims for damages against Defendants must be dismissed.

### B. Individual-capacity claims

On review, the Court will allow Plaintiff's individual-capacity claims to proceed against Defendants. In permitting those claims to proceed, the Court passes no judgment on the ultimate outcome of the action. The Court will enter a separate Scheduling Order governing the development of the remaining claims.

**II.**

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against Defendants are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from defendants who are immune from such relief.

Date:

cc: Plaintiff, *pro se*
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
     Counsel of record
     Defendants
4411.008