UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CURTIS L. BROWN                                                             PLAINTIFF

v.                        CIVIL ACTION NO. 3:09CV-P990-S

CORRECT CARE INTEGRATED HEALTH *et al.*            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on several motions by the parties.

Defendants have moved to dismiss Plaintiff's complaint on the ground that he failed to exhaust his administrative remedies prior to filing suit (DNs 16, 20, 27, and 32). Defendants rely on *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) and *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002), for the propositions that a plaintiff must plead and prove exhaustion and cannot amend his complaint to plead exhaustion once it has been filed.

Defendants are correct that under the Prison Litigation Reform Act Plaintiff cannot bring a § 1983 action "until such remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Defendants are incorrect, however, that Plaintiff must demonstrate in his complaint and/or the attachments thereto that he has satisfied this requirement or is barred from amending his complaint. In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court expressly overruled cases such as *Baxter* and *Knuckes El*, which had placed heightened pleading standards on prisoner complaints. Rather, the Supreme Court held in *Jones* that "failure to exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216.

Additionally, the Court notes that the fact that Plaintiff admits he did not pursue an appeal of his grievance after he was transferred is not necessarily dispositive. Proper exhaustion is determined by examining the agency's grievance procedures." *Woodford v. Ngo*, 548 U.S. 81, 90

(2006). To determine whether Plaintiff properly exhausted his claims, the Court must decide whether the issues raised in Plaintiff's complaint were grievable and whether Plaintiff followed the proper procedures at the administrative level for such issues. The Court can only make these determinations by consulting the specific grievance procedures that were in force at the time that the alleged violations occurred. Defendants have not provided the Court with a copy of those procedures nor an affidavit from any person asserting that Plaintiff did not follow those procedures. As such, Defendants have wholly failed to meet their burden.

For these reasons, **IT IS ORDERED** that Defendants' motions to dismiss (DNs 16, 20, 27, and 32) are **DENIED**.

However, Defendants have indicated a desire to rely on the affirmative defense of exhaustion. In the interest of judicial economy, that issue is best resolved at the outset. Accordingly, the Court will provide Defendants with another opportunity to raise the exhaustion issue, this time using the appropriate standard. Defendants are cautioned that it is their burden to demonstrate that Plaintiff did not properly exhaust his administrative remedies and that proper exhaustion is determined by the requirements set out in the particular grievance procedure in place at the time the events giving rise to the complaint occurred. Exhaustion of administrative remedies is a matter of abatement. *See Adkins v. Wright*, No. 4:08-CV-P38-M, 2010 U.S. Dist. LEXIS 4590, at *5 (W.D. Ky. Jan. 21, 2010). As such, it is proper for the Court to consider matters outside the pleadings to resolve the matter. Thus, Defendants should support their motion with appropriate affidavits as well as with a copy of the relevant grievance procedure.

Accordingly, **IT IS FURTHER ORDERED that within 30 days of the entry of this Order, Defendants shall file a renewed motion to dismiss if they intend to rely on the affirmative defense of exhaustion. Plaintiff shall file a response within 30 days of the date**

**contained on Defendant's certificate of service. Defendants may file a reply within 15 days of the date in Plaintiff's certificate of service.**

The Court now turns to the other pending motions.

Plaintiff has filed a motion compelling Defendants to answer his complaint (DN 11). Defendants filed a motion to dismiss, thereby suspending the time for filing an answer. Accordingly, Plaintiff's motion (DN 11) is **DENIED**. Defendants will not be required to answer Plaintiff's complaint until the Court resolves the exhaustion issue.

Defendant CorrectCare filed a motion to file its answer out of time (DN 15). The motion is **GRANTED**.

Plaintiff filed a motion for judgment on the pleadings (DN 22). The Court is in the process of resolving the exhaustion issue. As such, the motion (DN 22) is **DENIED**.

Defendants have filed a motion for extension of time to complete discovery (DN 24 and 25). Defendant's motions are **GRANTED**. If necessary, the Court will enter a revised scheduling order after it has decided the exhaustion issue.

Defendants have filed a motion seeking a stay of discovery pending the resolution of the exhaustion issue (DN 29). The motion (DN 29) is **GRANTED in part and DENIED in part. Discovery is stayed except discovery related to the issue of exhaustion of administrative remedies**.

Defendant Belcher has filed a motion asking the Court to accept her out-of-time motion to

dismiss (DN 32). Having received no objection, the motion (DN 32) is **GRANTED** and the attached motion to dismiss is deemed filed as of this date.

Date:

cc: Plaintiff, *pro se*
Counsel of record

4411.008